Joshua Trigsted, OSB #065316
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888-595-9111, ext. 216
FAX: 866-927-5826
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# FOR THE STATE OF OREGON

# PORTLAND DIVISION

| | |
|---|---|
| SHASTA KRAMER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>    vs.<br><br>RAY KLEIN, INC., and Does 1-10, inclusive,<br><br>    Defendant(s). | Case No. 3:17-cv-496<br><br>**Class Action Complaint For Violations of The Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq.**<br><br>**Jury Trial Demanded** |

1
**CLASS ACTION COMPLAINT**

## Introduction

1. This case arises as a result of false, deceptive and unfair debt-collection practices promulgated nationwide by Defendant, Ray Klein, Inc. ("Defendant"), in an effort to deceive consumers and debtors into providing funds that Defendant was not entitled to collect on.

2. In particular, Plaintiff, Shasta Kramer ("Plaintiff"), alleges that within the year preceding the filing of this Complaint, Defendant attempted to collect debts from her and other consumers and debtors by systematically sending them mail-based collection correspondence that failed to disclose all the rights and remedies required by law.

3. Such conduct is inherently deceptive and misleads the least-sophisticated consumer.

4. Defendant's acts and omissions were intentional, and resulted from Defendant's desire to mislead debtors and consumers into making payments that they would not otherwise make.

5. Thus, Plaintiff brings class action claims against Defendant, under the Federal Fair Debt Collection Practices Act ("FDCPA"), which were enacted to "eliminate abusive debt collection practices by debt collectors," and to "prohibit debt collectors from engaging in unfair or deceptive acts or practices in the collection of consumer debts." 15 U.S.C. 1692(e).

## Jurisdiction and Venue

6. The Court has jurisdiction over Plaintiff' FDCPA cause of action pursuant to 28 U.S.C. §1331.

**7.** Venue is proper in the United States District Court for the District of Oregon pursuant to 18 U.S.C. § 1391(b) because Defendant does business within this district and the state of Oregon, and because Plaintiff is a resident of this district.

## The Parties

**8.** Plaintiff is a natural person residing in Multnomah County, State of Oregon who is obligated or allegedly obligated to pay any debt, and from whom a debt collector seeks to collect a consumer debt which is due and owing or alleged to be due and owing, thereby rendering him a "consumer," under the FDCPA, 15 U.S.C. §1692a(3).

**9.** Defendant is a company that uses any instrumentality of interstate commerce or the mails in its business, the principal purpose of which is the collection of any debts; it also regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due themselves. Thus, Defendant is a "debt collector," under the FDCPA, 15 U.S.C. §1692(a)6.

**10.** The debts Defendant attempted to collect from Plaintiff and the putative class members qualify as "debt(s)," under the FDCPA, 5 U.S.C. §1692a(5).

## Factual Allegations

**11.** Within one (1) year preceding the filing of this class action lawsuit, Defendant mailed Plaintiff a collection letter and a Notice of Exempt Property and Instructions for Challenge of Garnishment.

**12.** According ORS 18.845, a notice of exemption form must be in substantially the form set forth in that section.

**13.** In ORS 18.845, there is a list of 35 exempt property categories that Defendant may not legally garnish.

**14.** However, in Defendant's mail correspondence, Defendant fails to include all of the provisions and only lists 34 exempt property categories.

**15.** Defendant intentionally withheld from Plaintiff the following required provision under ORS 18.845: "(31) Your right to the assets held in, or right to receive payments under, a medical savings account or health savings account authorized under section 220 or 223 of the Internal Revenue Code."

**16.** In addition, Defendant actively changed the eighth provision required by ORS 18.845, which states: "(8) All Social Security benefits and Supplemental Security Income benefits, and up to $7,500 in exempt wages, retirement benefits, welfare, unemployment benefits and disability benefits, that are held in a bank account. You may attach copies of bank statements to the Challenge to Garnishment form if you claim this exemption." Instead of this wording, Defendant states in its letter: "Exempt wages, Social Security benefits (other than SSI), welfare, unemployment benefits and disability benefits when placed in a checking or savings account (up to $7,500)."

**17.** Ultimately, this letter misled Plaintiff into believing that Defendant was able to garnish payments under a medical savings account or health savings account as well as Social Security and Supplemental Security Income benefits.

4
**CLASS ACTION COMPLAINT**

## Class Allegations

18.     Plaintiff brings this class action on behalf of himself and all others similarly situated ("the Class").

19.     Plaintiff represents, and is a member of the following class:  All persons residing in Oregon, who, within the one (1) year preceding the filing of this Complaint, received collection correspondence from Defendant that failed to provide the disclosure as set out in ORS 18.845.

20.     As a result of Defendant's conduct, Plaintiff and members of the putative class have been deprived of accurate and valid information regarding the legal status of the alleged debts that Defendant sought to collect from them. Defendant misled Plaintiff and the Class into believing that certain categories of property were not exempt from garnishment.

21.     Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number to be in the tens of thousands, if not more.  Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

22.     This lawsuit seeks statutory damages, actual damages, and injunctive relief for recovery of economic injury on behalf of the Class and is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

23. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

24. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the one (1) year preceding the filing of this Complaint, Defendant sent collection letters to debtors and consumers on time-barred debts that:

i. Failed to disclose the notice required by ORS 18.845.

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant should be enjoined from engaging in such conduct in the future.

25. As a person that received the grossly inadequate and misleading collection letter from Defendant, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

26. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these

violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct, resulting in numerous debtors and consumers unknowingly making themselves susceptible to legal action on previously time-barred debts.

27.    Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

28.    Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

29.    A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal and California law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA and is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

30.    Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

### First Cause of Action: Violation of the Fair Debt Collection Practices Act

31.    Plaintiff incorporates by reference, the preceding paragraphs of this Complaint.

32.    A debt collector may not falsely represent the character, amount or legal status of any debt in connection with the collection of any debt. *15 U.S.C. §1692e(2)(A)*. By

engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

33. A debt collector may not threaten to take any action that cannot legally be taken or that is not intended to be taken, in connection with the collection of any debt. *15 U.S.C.* §1692e(5). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

34. A debt collector may not use false representations or deceptive means, in connection with the collection of any debt. *15 U.S.C.* §1692e(10). By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

35. A debt collector may not use unfair or unconscionable means, in connection with the collection of any debt. *15 U.S.C.* §1692f. By engaging in the above detailed conduct, Defendant violated this provision of the FDCPA.

36. As a direct proximate result of Defendant's conduct, Plaintiff and the Class have suffered actual damages and other harm, thereby entitling them to seek statutory damages in the amount of $1,000.00 each, in addition to reasonably incurred attorney's fees and costs. 15 U.S.C. §1692k(a)(1)-(3)

## Prayer for Damages

Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

   a.   That this action be certified as a class action on behalf of The Class and Plaintiff be appointed as the representative of The Class;

   b.   For statutory damages of $1,000.00 for Plaintiff and each member of The

      Class pursuant to 15 U.S.C. §1692k(a)(1)

c.     For actual damages according to proof;

d.     For reasonable attorneys' fees and costs of suit;

e.     For prejudgment interest at the legal rate; and

f.     For such further relief as this Court deems necessary, just, and proper.

### **PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, hereby does demand a jury trial.

Dated this 24th day of March, 2017

By:/s/ Joshua Trigsted
Joshua Trigsted, OSB #065316
Trigsted Law Group, P.C.
5200 SW Meadows Rd Ste 150
Lake Oswego, OR 97035
888-595-9111, ext. 216
FAX: 866-927-5826
jtrigsted@attorneysforconsumers.com
Attorney for Plaintiff

**CLASS ACTION COMPLAINT**