Todd M. Friedman (*admitted pro hac vice*)
Adrian R. Bacon (*admitted pro hac vice*)
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
tfriedman@toddflaw.com
abacon@toddflaw.com
*Attorneys for Plaintiff*

## UNITED STATES DISTRICT COURT

## FOR THE STATE OF OREGON

## PORTLAND DIVISION

| | |
|---|---|
| Shasta Kramer, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>Ray Klein, Inc., and Does1-10, inclusive,<br><br>　　　　　Defendant(s). | Case No.: 3:17-cv-00496-SB<br><br>**NOTICE OF MOTION AND MOTION TO SUBSTITUTE DOUGLAS KRAMER IN PLACE OF PLAINTIFF SHASTA KRAMER; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION** |

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

　　Counsel for Plaintiff SHASTA KRAMER and DOUGLAS KRAMER hereby moves this Court for an order substituting DOUGLAS KRAMER in place of Plaintiff SHASTA KRAMER, an individual, pursuant to the provisions of

i

*Federal Rules of Civil Procedure* 25(a) on the grounds that Plaintiff, SHASTA KRAMER passed away and DOUGLAS KRAMER is the Successor in Interest of SHASTA KRAMER, as shown by the declaration of DOUGLAS KRAMER, concurrently filed and served herewith and incorporated herein by reference

                               By: s/ Todd M. Friedman
                                   Todd Friedman, Esq.
                                   Adrian R. Bacon, Esq
                                   Attorney for Plaintiff
                                         SHASTA KRAMER and
                                   Successor in Interest
                                   DOUGLAS KRAMER

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff, SHASTA KRAMER filed a class action complaint against Defendant RAY KLEIN, INC. on March, 28, 2017. *See*, Compl. [Dkt. 1]. Unfortunately, Plaintiff SHASTA KRAMER passed away. Douglas Kramer, the father of Plaintiff and successor in interest, wishes to continue prosecuting this matter on behalf of his daughter and assist in completing any steps to resolve the matter. Plaintiff's counsel has discussed this matter with counsel for Defendant multiple times who disagrees with Plaintiff's counsel about the interpretation of Federal Rules of Civil Procedure 25(a)(1). Plaintiff's counsel believes that the multiple discussions between the parties satisfies their obligation under Local Rule 7-1. Undersigned counsel respectfully request that this Court grant the Motion to Substitute to ensure because Plaintiff's causes of action survive the sudden death of a party.

### II. LEGAL STANDARD

Federal Rules of Civil Procedure 25(a)(1) states in relevant part, "If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative." Fed. Rule of Civ. Pro. 25(a)(1). "'The question of whether an action survives the death of a party must be determined by looking towards the law ... under which the cause of action arose.' *Continental Assurance Co. v. American Bankshares Corp.*, 483 F.Supp. 175, 177 (E.D.Wis.1980). The general rule is that statutory claims that are primarily penal in nature do not survive the death of the wrongdoer, while statutory provisions with a remedial purpose may survive. *See United States v. Oberlin*, 718 F.2d 894, 896 (9th Cir.1983) (affirming *Schreiber v. Sharpless*, 110 U.S. 76, 80, 3 S.Ct. 423, 28 L.Ed. 65 (1884) (actions for penalties do not survive the death of the plaintiff));

1

*see also Continental Assurance*, 483 F.Supp. at 179 (actions that are remedial in nature survive the death of the defendant)." *Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004).

### III. LEGAL ARGUMENT
#### A. Douglas Kramer is Shasta Kramer's Successor In Interest and Representative

There is no question that Mr. Douglas Kramer ("Mr. Kramer"), the moving party, is the appropriate party to be substituted on behalf of Shasta Kramer ("Ms. Kramer"), the Plaintiff in this action against Ray Klein, Inc. and the deceased. Mr. Kramer is Shasta Kramer's Father. *See* Declaration of Douglas Kramer ("Kramer Decl.") at ¶1. Mr. Kramer is the successor interest appointed to administer the estate of Shasta Kramer and no proceeding is pending for administration of Ms. Kramer's estate. *Id.* at ¶4. He is authorized to make decisions and execute documents on behalf of the estate. *Id.* at ¶5. Mr. Kramer is Plaintiff Shasta Kramer's successor in interest and has succeeded to Ms. Kramer's interest in this action. *Id.* at ¶7. Mr. Kramer wishes to continue to resolve the matter on behalf of Plaintiff and decedent and has retained the Law Offices of Todd M. Friedman to litigate Ms. Kramer against Ray Klein, Inc. *Id.* at ¶¶9-10.

#### B. Plaintiff Shasta Kramer's Claims Under The Fair Debt Collection Practices Act Are Not Extinguished

As explained above, whether or not a Plaintiff's claim is extinguished at the time of their death turns on the cause of action in which the case was brought and whether or not that cause of action is remedial or punitive in nature. *See Bracken*

2

*v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 483 (N.D. Cal. 2004). In this case, Plaintiff's singular cause of action is under the Fair Debt Collection Practices Act, 15 U.S.C. §§1692, et seq. ("FDCPA"). Numerous courts have determined that a cause of action under the FDCPA is remedial in nature and is not extinguished by the death of the Plaintiff. *See e.g. Jewett v. Bishop, White Marshall & Weibel, P.S.*, No. CV 12-10142 PSG MRWX, 2013 WL 6818245, at *3 (C.D. Cal. Feb. 25, 2013)("Accordingly, because the Decedent's FDCPA claim survives her death and because the sole distributee of Decedent's estate, Mr. Jewett, has met the requirements of Rule 25(a), the Court grants the motion for substitution. As a substituted party, Mr. Jewett 'steps into the same position as the original party.'")(citing *Hilao v. Estate of Marcos*, 103 F.3d 762, 766 (9th Cir.1996)). As one court reasoned:

> Because the damages provisions of the FDCPA were modeled after the damages provisions of the TILA, cases decided under the TILA are helpful in construing the FDCPA. *See Fry v. Hayt. Hayt & Landau*, 198 F.R.D. 461, 472 (E.D.Pa.2000) (comparing § 1692k of the FDCPA to § 1640 of the TILA); *See also Johnson v. Riddle*, 305 F.3d 1107, 1117 (10th Cir.2002) ("[b]ecause the FDCPA, like the Truth in Lending Act ... is a remedial statute, it should be construed liberally in favor of the consumer"). The Ninth Circuit has found that portions of the TILA further significant penal objectives, while also serving a clearly remedial purpose. *Riggs*, 623 F.2d at 70–71. Yet, the Ninth Circuit agrees with other circuits' conclusion that "Congress' primary intent [for the TILA] was to remedy abuses from consumer ignorance of the nature of credit arrangements by requiring disclosures." *Id.* (quoting *Smith v. No. 2 Galesburg Crown Finance Corp.*, 615 F.2d 407 (7th Cir.1980) (TILA claim survived death of plaintiff) overruled on unrelated grounds by *Pridegon v. Gates Credit*

3

*Union,* 683 F.2d 182 (7th Cir.1982)); *James*, 621 F.2d at 729–30. An examination of the sections of the FDCPA on which plaintiff bases his claim similarly supports the conclusion that the FDCPA is primarily remedial.

*Bracken v. Harris & Zide, L.L.P.*, 219 F.R.D. 481, 484 (N.D. Cal. 2004). The court explained that the FDCPA's remedial purpose is evidenced by the Congressional purpose of the statute to remedy individual wrongs, that the remedy of the statute runs to the individual harmed, and that the remedy is directed to redress the harm of the statute. *Id.* at 484–85. Consequently, the FDCPA is remedial in nature, and Plaintiff's claim are not extinguished by her passing.

### IV.     CONCLUSION

Therefore, undersigned counsel respectfully request that this Court substitute Douglas Kramer as Plaintiff in lieu of Plaintiff, SHASTA KRAMER, because he is the successor in interest of the decedent's estate.

Dated: May 29, 2018

By: s/ Todd M. Friedman
    Todd Friedman, Esq.
    Adrian R. Bacon, Esq
    Attorney for Plaintiff
        SHASTA KRAMER and
    Successor in Interest
    DOUGLAS KRAMER

4

## **CERTIFICATE OF SERVICE**

Filed electronically on this May 29, 2018, with:

United States District Court CM/ECF system

Notification sent electronically on this May 29, 2018, to:

The Honorable Court, All Parties, and Their Counsel of Record.

s/ Adrian R. Bacon
Adrian R. Bacon, Esq