# Exhibit F

| | |
|---|---|
| **From:** | Yoel Hanohov |
| **To:** | "rsabido@cosgravelaw.com"; "tfransen@cosgravelaw.com" |
| **Cc:** | "josh@tlgconsumerlaw.com"; Adrian Bacon; Todd Friedman |
| **Subject:** | RE: Shasta Kramer v. Ray Klein, Inc. |
| **Date:** | Thursday, May 24, 2018 9:48:27 AM |

Counsel:

Thank you for reaching out.

The 90 period has not yet passed. Under Federal Rule of civil Procedure 25, "If the motion is not made within 90 days after service of a **statement noting the death**, the action by or against the decedent must be dismissed." No suggestion of death was filed in this matter and so the tolling under this rule has not yet begun. *See e.g. Barlow v. Ground*, 39 F.3d 231, 233 (9th Cir. 1994) ("Although Rule 25(a)(1) could be clearer, a careful reading of the rule coupled with an understanding of its function leads to the conclusion that the rule requires two affirmative steps in order to trigger the running of the 90 day period. First, **a party must formally suggest the death of the party upon the record**. Anderson v. Aurotek, 774 F.2d 927, 931 (9th Cir.1985); Grandbouche v. Lovell, 913 F.2d 835 (10th Cir.1990) (Grandbouche ); 3B Moore's Federal Practice ¶ 25.06[3] (2d ed. 1991) ("a formal suggestion of death is absolutely necessary to trigger the running of the ninety days")*.*); *See also* Grandbouche v. Lovell, 913 F.2d 835, 836–37 (10th Cir. 1990)(The running of the ninety-day limitations period under Rule 25(a)(1) is not triggered unless **a formal suggestion of death is made on the record**, regardless of whether the parties have knowledge of a party's death. See Miller Bros., 505 F.2d at 1034-35. Mere reference to a party's death in court proceedings or pleadings is not sufficient to trigger the limitations period for filing a motion for substitution. See, e.g., Kaldawy v. Gold Serv. Movers, Inc., 129 F.R.D. 475, 477 (S.D.N.Y.1990) (court's order noting plaintiff's death and placing case on suspended calendar, which was mailed to counsel for all parties, including decedent's counsel, insufficient to trigger the ninety-day limitations period); Tolliver v. Leach, 126 F.R.D. 529, 530-31 (W.D.Mich.1989) (defense counsel's statement concerning defendant's death, made on record during discovery conference, insufficient to trigger limitations period); Gronowicz v. Leonard, 109 F.R.D. 624, 626-27 (S.D.N.Y.1986) (letter from party's attorney to court notifying court of party's death insufficient suggestion of death to trigger limitations period).); Zanowick v. Baxter Healthcare Corp., 850 F.3d 1090, 1094 (9th Cir. 2017) ("Unfortunately for defendants, the "history of Rule 25(a) and Rule 6(b) makes it clear that the 90 day time period was not intended to act as a bar to otherwise meritorious actions, and extensions of the period may be liberally granted." Cont'l Bank, N.A. v. Meyer, 10 F.3d 1293, 1297 (7th Cir. 1993) (citation omitted); see also United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1035 (10th Cir. 1974) (stating that under Rule 25, a "discretionary extension should be liberally granted absent a showing of bad faith on the part of the movant for substitution or undue prejudice to other parties to the action"); 7C Charles Alan Wright et al., Federal Practice and Procedure § 1955 (3d ed. 2017) ("Dismissal is not mandatory, despite the use of the word 'must' in the amended rule."").

We appreciate your desire to move this case along as we share that desire. We have been moving as quickly as we can, the motion is being prepared, and will be filed this week. If the Defendant felt that the time period is too long, then it should have filed a suggestion of death with the Court as is their responsibility. *See* Rende v. Kay, 415 F.2d 983, 985–86 (D.C. Cir. 1969) ("In our opinion the Rule, as

amended, cannot fairly be construed, as the defendant's attorney argues, to make his suggestion of death operative to trigger the 90-day period even though he was neither a successor nor representative of the deceased, and gave no indication of what person was available to be named in substitution as a representative of the deceased.4 Counsel's construction would open the door to a tactical maneuver **to place upon the plaintiff the burden** of locating the representative of the estate within 90 days.")

Let us know if we can streamline the issues in the case by starting to get things going before the motion is ruled on.

Yoel S. Hanohov, Esq.
LAW OFFICES OF TODD M. FRIEDMAN, P.C.
Tel. 866.598.5042 ext 663
Cell 310.970.2490
Fax 866.633.0228
Yoel.Hanohov@toddflaw.com
www.toddflaw.com

General Disclaimer: The information contained in this electronic communication is to be considered confidential and intended only for the use of the recipient named above. The information is or may be legally privileged and expresses the opinion of the writer only. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution, or copying of this communication, or any of its contents, is strictly prohibited. If you have received this communication in error, please re-send this communication to the sender listed above, delete the original message and any copy of it from your computer system.

Statement Required by U.S. Treasury Department:
The U.S. Treasury Department requires us to advise you that this written advice is not intended or written by our firm to be used, and cannot be used by any taxpayer, for the purpose of avoiding any penalties that may be imposed under the Internal Revenue Code. Written advice from our firm relating to Federal tax matters may not, without our express written consent, be used in promoting, marketing or recommending any entity, investment plan or arrangement to any taxpayer, other than the recipient of the written advice.

On May 23, 2018, at 4:05 PM, Timothy J. Fransen <tfransen@cosgravelaw.com> wrote:

> Counsel:
>
> We have received no response to our email (below) from last Thursday, attempting to confer on the continued delay in substituting a successor plaintiff in this case. Nor have we received any response to the voicemail we left Mr. Friedman yesterday in follow up to our email. If we do not hear back by 4:00 pm tomorrow (May 24), we will move the court for an order to show cause as to why the case should not be dismissed under

FRCP 41(b) and/or 25(a).

Thanks,

**Timothy J. Fransen** - *Attorney*

Cosgrave Vergeer Kester LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

P 503.323.9000  D 503.219.3807
F 503.323.9019  W www.cosgravelaw.com

Biography | Email | LinkedIn

**COSGRAVE VERGEER KESTER** LLP
　　　　　　　　　　　　　Attorneys

**From:** Robert Sabido
**Sent:** Thursday, May 17, 2018 5:24 PM
**To:** tfriedman@toddflaw.com; Adrian Bacon <abacon@toddflaw.com>; josh@tlgconsumerlaw.com
**Cc:** Timothy J. Fransen <tfransen@cosgravelaw.com>
**Subject:** Shasta Kramer v. Ray Klein, Inc.

Counsel,

It has now been over 90 days since plaintiff's death was reported to the court – and almost nine months since plaintiff passed away. Despite the passage of all that time, a successor plaintiff still has not been substituted into the case. Accordingly, defendant believes there are sufficient grounds to seek dismissal of this case pursuant to FRCP 25(a) and/or 41(b). We would like to set up a telephone conference to confer on this issue on one of the following dates/times:  May 18, 3:30 pm; May 21, 1:30 pm; or May 22, 9:30 am.  Please let us know which of those dates/times work for you.

Thanks.

**Robert E. Sabido**
Cosgrave Vergeer Kester LLP
500 Pioneer Tower
888 SW Fifth Avenue
Portland, OR 97204

P 503.323.9000  D 503.219.3857
F 503.323.9019  W www.cosgravelaw.com

Biography | Email

**COSGRAVE VERGEER KESTER** LLP
　　　　　　　　　　　　　Attorneys

DO NOT read, copy or disseminate this communication unless you are the intended addressee. This e-mail

communication may contain confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us (collect) immediately at (503) 323-9000 and ask to speak to the sender of the communication. Also, please e-mail the sender and notify the sender immediately that you have received the communication in error.

**Scanned by Mimecast. Email certified safe by CVK.**