IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

SHASTA KRAMER,

    Plaintiff,

v.

RAY KLEIN, INC. et al.,

    Defendants.

No. 3:17-cv-00496-SB

OPINION AND ORDER

MOSMAN, J.,

On November 15, 2018, Magistrate Judge Stacie F. Beckerman issued her Findings and Recommendation (F&R) [34], recommending that Plaintiff's Motion to Substitute a Party [25] should be GRANTED and Douglas Kramer should be substituted as the plaintiff in this action in the place of the decedent plaintiff, Shasta Kramer. Defendant Ray Klein, Inc. filed Objections to the F&R [36].

## DISCUSSION

The magistrate judge makes only recommendations to the court, to which any party may file written objections. The court is not bound by the recommendations of the magistrate judge, but retains responsibility for making the final determination. The court is generally required to

1 – OPINION AND ORDER

make a de novo determination regarding those portions of the report or specified findings or recommendation as to which an objection is made. 28 U.S.C. § 636(b)(1)(C). However, the court is not required to review, de novo or under any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the F&R to which no objections are addressed. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985); *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). While the level of scrutiny under which I am required to review the F&R depends on whether or not objections have been filed, in either case, I am free to accept, reject, or modify any part of the F&R. 28 U.S.C. § 636(b)(1)(C).

The F&R recommends that I grant Douglas Kramer's Motion to Substitute himself as the plaintiff in this action in place of his deceased daughter, Shasta Kramer. The F&R's core holding is that Rule 25(a)(1), which states that the "proper party for substitution is the decedent's successor or representative," should be read flexibly and does not require formal probate proceedings to designate a successor.

Defendant Ray Klein, Inc. disagrees and argues that Oregon law leaves the task of determining who takes what interest in an estate like Shasta Kramer's solely to probate courts. In my view, Defendant's argument conflates the exclusive role of the probate court with my role under Rule 25. While the two tasks may have some overlap in a case like this one, they are analytically distinct. The tasks left to the probate court do not divest me of the responsibility to determine whether substitution is appropriate under federal procedural rules.

## CONCLUSION

Upon review, I agree with Judge Beckerman's recommendation and I ADOPT the F&R [34] as my own opinion. Plaintiff's Motion to Substitute a Party [25] is GRANTED, and

Douglas Kramer shall be substituted as the plaintiff in this action in place of the decedent plaintiff, Shasta Kramer.

IT IS SO ORDERED.

DATED this 23 day of January, 2019.

MICHAEL W. MOSMAN
Chief United States District Judge